**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE HARTFORD INSURANCE CO.** : | |
| **OF THE MIDWEST,** : | |
|      **Plaintiff,** : | |
| : | |
|      **v.** : | **CIVIL ACTION NO. 11-1860** |
| : | |
| **DENISE FOWLER** : | |
| *AS ADMINISTRATRIX OF THE* : | |
| *ESTATE OF OMAR D. MADISON,* : | |
| *DECEASED,* : | |
|      **Defendant.** : | |
|                  : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                 **January 3, 2013**

## I.    PROCEDURAL HISTORY

By order dated May 25, 2011, and entered on the docket on May 26, 2011, the Court

granted a motion for default judgment in this declaratory judgment action, and declared that

Plaintiff, The Hartford Insurance Co. of the Midwest ("Hartford"), had no duty or obligation

under its insurance policy No. 55 PHF473176 to pay insurance benefits in connection with

Omar Madison's 2007 fatal accident while riding a "pocket bike"[1] on city streets.  Defendant

Denise Fowler, the administrator of the decedent's estate, had been served but had not

responded to the Complaint, to the entry of default, or to the motion for default judgment.

Plaintiff alleged, and Defendant did not come forward to contest at the time of judgment, that

there was no coverage under the policy both because Mr. Madison did not reside with Ms.

Fowler (Hartford's insured) and therefore was not a "family member" additional insured under

---

[1] A "pocket bike" has been described as a "stylized, miniature motorcycle."  <u>Kikker 5150 v. Kikker 5150</u> <u>USA, LLC</u>, No. C-03-05515, 2004 WL 1837926, at *1 (N.D. Cal. Aug. 13, 2004).

the terms of the policy, and because the pocket bike (an off-road-only vehicle) was not covered under the policy.

On May 25, 2012, Defendant filed a Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b). In the Motion, Defendant asserts that her prior counsel, who had been retained to represent her interests and those of the Estate of Omar Madison, notified Hartford in 2007 that the Estate was asserting an underinsured motorist ("UIM") claim against Hartford, and on November 22, 2010, demanded arbitration of the UIM claim, which Hartford rejected.[2] Hartford filed the declaratory judgment action on March 16, 2011. Defendant asserts that on May 23, 2011 (two days before the motion for default judgment was granted), Ms. Fowler retained new counsel, Dean Owens. Mr. Owens filed an entry of appearance, which was docketed on May 25, 2011, crossing with the Court's order granting default judgment.[3]

According to the Court's CM/ECF system, electronic notice of the entry on May 26, 2011, of the Court's May 25, 2011 Order granting default judgment was sent to Mr. Owens at the email address registered with the Court. On May 27, 2011, Mr. Owens filed an answer to the Complaint, which was docketed on May 31, 2011. No further activity was recorded on the docket until the Motion for Relief was filed a year later.

---

[2] Doc. No. 9 ¶¶ 5-9. According to Hartford, discussions as to the residence of Mr. Madison and the ownership of the pocket bike had been ongoing since 2008. Doc. No. 10 ¶ 27. The police report of the accident stated that Mr. Madison, who was 27 years old at the time of the accident, lived at an address different from Ms. Fowler's and that he owned the pocket bike. Doc. No. 10 Ex. A.

[3] Defendant's memorandum of law asserts that Ms. Fowler was unrepresented at the time she was served with the Complaint. Doc. No. 9-2 at 3. No affidavit from Ms. Fowler was submitted, and there is no explanation of when prior counsel ceased representation of Ms. Fowler, although the representation apparently was in effect as of November 22, 2010, when counsel demanded arbitration. Doc. No. 9 at 2.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[4]

Defendant asserts excusable neglect under Rule 60(b)(1) or general equitable concerns under Rule 60(b)(6) in this case.  In determining excusable neglect, a court engages in an equitable evaluation and is required to weigh the "totality of the circumstances."[5]  The Court of Appeals requires a district court to consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of

---

[4] Fed. R. Civ. P. 60(b).

[5] Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) (citing Welch & Forbes, Inc. v. Cendant Corp., 234 F.3d 166, 171 (3d Cir. 2000)).

the defendant's culpable conduct."[6]  Relief under Rule 60(b)(6) may only be granted under

extraordinary circumstances where, without such relief, an extreme and unexpected hardship

would occur.[7]

Whether under Rule 60(b)(1) or Rule 60(b)(6), the motion must be made within a

reasonable time.  "[C]laims made under clauses (1), (2), and (3) must be brought within one

year of the entry of judgment to be timely, but even if they are, they may still be untimely if an

unreasonable period of time has passed."[8]  "What constitutes a 'reasonable time' depends on the

circumstances of each case.  A court considers many factors, including finality, the reason for

delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and

potential prejudice to other parties.[9]

## III.    DISCUSSION

### A.  Defendant's Motion is Properly Brought Under Rule 60(b)(1), not Rule 60(b)(6)

Defendant argues that she has shown excusable neglect under Rule 60(b)(1), or, in the

alternative, that Rule 60(b)(6) affords her relief.  The Supreme Court, however, has held that

"[t]hese provisions are mutually exclusive"[10] because the extraordinary circumstances required

---

[6] United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); see also Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008).  The Court of Appeals has sometimes applied a fourth factor: "the effectiveness of alternative sanctions."  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71 (3d Cir. 1987).

[7] Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 256 (3d Cir. 1986) (citation omitted).

[8] Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(c)).

[9] In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010) (internal citations omitted).  See generally 11 Fed. Prac. & P. Civ. § 2866 (3d ed., updated Dec. 2012) (citing cases).

[10] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

by Rule 60(b)(6) suggest "that the party is faultless in the delay" while Rule 60(b)(1) supposes that the party is "partly to blame for the delay" but that the neglect is excusable.[11] Because Defendant has not explained what extraordinary circumstances could exist in this case, or shown that her conduct was blameless, the Court will analyze the Motion pursuant to Rule 60(b)(1).[12]

### B. The Motion was not Made in a Reasonable Time

Defendant filed the Motion for Relief from Judgment 365 days after the entry of default judgment on May 26, 2011, and the Motion therefore is not barred outright; whether it was made within a reasonable time is another question. According to Defendant's reply brief, "counsel learned of the default in June 2011 and filed the Rule 60(b) Motion in May 2012 due to difficulties in obtaining the entire file and waiting to determine the appropriate reason to file the Rule 60(b) Motion."[13] But Defendant had filed an answer after the entry of default judgment; that answer "denie[d] specifically that the Deceased was neither a named insured under a Hartford Policy nor a resident of the named insureds' household at the time of the accident in question."[14] Certainly, Ms. Fowler would be in a position to know who was living in her household at the relevant time, and as the administrator of the estate she would have access to documentation concerning whether Decedent owned the pocket bike. Defendant has not identified what information in prior counsel's file was otherwise unavailable to current counsel;

---

[11] Id.

[12] Defendant does not dispute that she was served with the Complaint in this case and acknowledges that her current counsel had been aware of the default judgment since June 2011. Doc. No. 11 at 3. In addition, Hartford contends, without contradiction, that its counsel advised counsel that had been representing Ms. Fowler that the declaratory judgment action had been filed. Doc. No. 10 ¶ 3.

[13] Doc. No. 11 at 3.

[14] Answer (Doc. No. 8) ¶ 33.

nor has Defendant explained what steps were taken to obtain possession of the file before April 2012, nearly 11 months after the change in counsel.[15] Counsel made a conscious choice to leave the default judgment in place for an entire year, without notice to the Court or to Plaintiff that the judgment might be contested. Under the circumstances of this case, that choice was not reasonable.[16]

### C.  The Neglect was not Excusable

Even if the motion had been made in reasonable time, the Court finds that the Defendant's neglect was not excusable. Hartford has argued convincingly that it would be prejudiced by opening the default judgment, as its file on the accident has been closed and no formal discovery has been conducted. The Court accepts that Defendant may have a meritorious defense[17] in that Ms. Fowler asserts that Mr. Madison was living in her household and that the pocket bike was owned by a friend, not by him; these facts, if proven, could mean that UIM coverage would be available under the policy. However, this factor is outweighed by the prejudice to Hartford and by the fact that the responsibility for the entry of the default judgment, and the delay in seeking relief from that judgment, rests entirely with Defendant and her counsel.

---

[15] Hartford argues that Mr. Owens had been affiliated in some way with prior counsel; the nature of that affiliation is disputed. The Court finds in unnecessary to resolve that question in deciding the motion.

[16] Accord Blomeyer v. Levinson, No. 02-8378, 2006 WL 463503, at *10 (E.D. Pa. Feb. 21, 2006) (where motion was filed one year after entry of judgment, "the length of the delay, particularly in light of [Plaintiff's] failure to diligently pursue what he thought was the appropriate avenue for relief, weighs against excusing Plaintiff from the effects of this Court's judgment"); Defeo v. Allstate Ins. Co., No. 95-244, 1998 WL 328195, at *5 (E.D. Pa. June 19, 1998) ("The one year period . . . is an outer limit and any Rule 60(b) motion is subject to denial if it is not also made within a reasonable time after the basis for relief is known.").

[17] Establishing a meritorious defense requires a defendant to set forth specific grounds that "if established on trial, would constitute a complete defense to the action." $55,518.05 in U.S. Currency, 728 F.2d at 195 (internal quotations omitted).

Finally, the Court notes that Hartford sought relief under the Declaratory Judgment Act, which provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration."[18]  In exercising discretion under the Act, the Court considers "(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies."[19]  Hartford properly sought a resolution of the uncertainty of its obligations under the insurance policy; to undo that resolution now would not serve the purposes of the Act.

## IV.     CONCLUSION

Because the Motion for Relief was not made within a reasonable time, and because upon consideration of all relevant factors, the equities do not favor granting relief, the Motion will be denied.  An order will be entered.

---

[18] 28 U.S.C. § 2201.

[19] Terra Nova Ins. Co. v. 900 Bar., Inc., 887 F.2d 1213, 1224 (3d Cir. 1989) (quotation marks and citation omitted).